UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-cr-00233-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| BILLY PAUL DUNN, | |
| Defendant. | |

This matter is before the Court on Defendant Billy Paul Dunn's ("Defendant") Motion for Sentence Reduction (ECF No. 26) and Motion to Appoint Counsel (ECF No. 27). The Federal Defender's Office did not assume representation of Defendant in this matter. (ECF No. 29 at 1 n.1.) The Government filed an opposition. (ECF No. 29.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's Motion for Sentence Reduction and DENIES Defendant's Motion to Appoint Counsel as moot.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 2021, Defendant pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 22 at 5.) In the presentence report ("PSR"), the probation officer found a total offense level of 25 and a criminal history category of VI based on a criminal history score of 25. (*Id.* at 4, 15.) Defendant's criminal history category was calculated by assigning 23 points based on prior criminal convictions and two "status points"

under the prior version of U.S.S.G. § 4A1.1(d) because Defendant committed the instant federal offense while under a criminal justice sentence.  (*Id.* at 15.)  This resulted in a criminal history category VI.  (*Id.*)  Defendant's advisory guideline range was 110 to 120 months in prison.  (*Id.* at 26.)  On May 6, 2021, the Court sentenced Defendant to 120 months in prison.  (ECF Nos. 24; 25 at 2.)

On October 14, 2025, Defendant, proceeding *pro se*, filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c), which allows for a sentence reduction when a defendant's guideline range has subsequently been lowered by the Sentencing Commission. (ECF No. 26.)  Defendant's request is based on Amendment 821, which became effective in November 2023.  (*Id.*)

**II.    STANDARD OF LAW**

In limited circumstances, a court "may modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes a [sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.")  One such circumstance includes a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  18 U.S.C § 3582(c)(2).

Courts conduct a two-step inquiry to determine if a prisoner is eligible for a sentence reduction under § 3582(c)(2).  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon*, 560 U.S. at 826); *see also United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (same).  A court begins by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)) (internal quotation marks omitted).  The amendment must have the effect of lowering the defendant's applicable guideline range for the defendant to be eligible for a sentence reduction.  U.S.S.G. § 1B1.10(a)(2) (Nov. 1, 2023).  If a defendant is found "eligible" under the first step, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine whether, in its discretion, "the

2

reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.  The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'"  *Brito*, 868 F.3d at 880 (quoting *Dunn*, 728 F.3d at 1157).

As to the eligibility prong, two provisions of Amendment 821 apply retroactively. U.S.S.G § 1B1.10(d).  First, in Part A, the Sentencing Commission amended the "status point" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e).  Under the amended provision, a person who otherwise presents seven or more criminal history points now receives one status criminal history point, instead of two, for an offense committed while under a criminal justice sentence, while a person who otherwise presents six or fewer criminal history points receives no status points.  *Compare* U.S.S.G. § 4A1.1(d) (2021 and prior versions), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).  Second, in Part B Subpart 1, the Sentencing Commission added a "zero-point offender" provision in U.S.S.G. § 4C1.1(a), which provides a two-level reduction in offense level for certain offenders who meet ten enumerated criteria.

### III.    ANALYSIS

Defendant moves for a reduction of sentence based on the status points he received at sentencing.  (ECF No. 26 at 1.)  Defendant also offers several transcripts evidencing the rehabilitative courses he has participated in since being sentenced.  (ECF No. 26 at 6–11.) However, as the Government points out, Defendant is not eligible for a reduction under either retroactive provision in Amendment 821.  (ECF No. 29 at 3.)  First, as to the status point provision, even if the Court reduced Defendant's criminal history score by one point, the resulting criminal history category would still be VI.  Category VI includes criminal history scores of 13 points and higher, *see* U.S.S.G., Ch. 5, Pt. A (Sentencing Table), and Defendant had a total score of 25.  (ECF No. 22 at 15.)  Because the application of the new status point provision would not reduce Defendant's guideline range, the Court cannot reduce his sentence on that basis.  *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").  Second, Defendant

does not qualify as a zero-point offender because he received 23 criminal history points. *See* U.S.S.G. § 4C1.1(a)(1) (requiring that the defendant must not have received any criminal history points from Chapter Four, Part A).

Defendant is not eligible for a sentence reduction under Amendment 821, therefore, the Court may not consider the § 3553(a) material Defendant presented in his motion. However, the Court commends Defendant on his expected associates degree this Spring and on taking advantage of available programming. (ECF No. 26.)

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion for a Sentence Reduction is DENIED. (ECF No. 26.) The Court further DENIES Defendant's Motion to Appoint Counsel as moot. (ECF No. 27.)

IT IS SO ORDERED.

Date: February 12, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE